IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

PETER J. KARLIN, )
)
            Plaintiff, )
)
    v. ) Case No. 08-2331-JWL
)
CITY OF BELOIT, KANSAS; , )
DOUGLAS GERBER; and CHRIS )
JONES )
Defendants. )
)
_____)

## **MEMORANDUM AND ORDER**

Plaintiff Peter J. Karlin brings suit against defendants City of Beloit, Douglas Gerber, and Chris Jones. This case arises from an incident surrounding an abatement order issued to Mr. Karlin regarding the upkeep of his gardens and yard. In his complaint, Mr. Karlin alleges: 1) violation of the Religious Land Use and Institutionalized Persons Act, 42 U.S.C. § 2000cc, 2) retaliation in violation of the First Amendment and 42 U.S.C. § 1983, 3) deprivation of due process in violation of the Fourteenth Amendment and 42 U.S.C. § 1983, and 4) negligence in violation of the Kansas Tort Claims Act. (Compl., doc. 1). This case is presently before the court on defendants' motion to dismiss and/or for summary judgment. (doc. 8).[1] Defendants have

---

[1] The court notes this motion should properly be titled as a motion to dismiss counts II-IV and/or a motion for partial summary judgment because defendants do not address count I in their motion or memorandum. The court will refer to this motion as

properly moved for summary judgment in accordance with Fed. R. Civ. P. 56 and D. Kan. Rule 56. Given that defendants followed the appropriate procedures and plaintiff has not objected to construing this motion as a motion for partial summary judgment, the court is willing to construe this motion as such. For the reasons discussed below, the court grants defendants' motion for partial summary judgment. (doc. 8).

## FACTS

The following facts are either uncontroverted or related in the light most favorable to plaintiff, the non-moving party.

On May 24, 2005, Mr. Karlin was served an abatement order pursuant to City Ordinance 1836, requiring him to cut down the "weeds" on his property. On July 20, 2005, a city crew entered Mr. Karlin's property and cut down plants growing there. City law enforcement officers accompanied the city crew to prevent Mr. Karlin from interfering with the crew's work. Mr. Karlin alleges that when he attempted to stop the city crew from cutting down his plants, a law enforcement officer stopped him, and in this process, Mr. Karlin was physically injured.

On July 22, 2005, Mr. Karlin filed a notice of claim with the City of Beloit. In his notice of claim form, Mr. Karlin did not mention Mr. Gerber and Mr. Jones was mentioned as someone who might have prior notice of Mr. Karlin's claim. The claim form did not make any allegations of personal injury to Mr. Karlin. It also did not allege that the city's actions were in retaliation for anything. Rather, Mr. Karlin asserted a

---

[1](...continued)
defendants' motion for partial summary judgment.

claim for property damage in the amount of $10,000. The city denied Mr. Karlin's claim.

On July 16, 2007, Mr. Karlin filed a pro se petition in the district court of Mitchell County, Kansas. The caption of the petition named "City of Beloit; City Councilmen; Douglas Gerber" as defendants. Mr. Jones was not named in the caption of the petition, but the text of the petition described Mr. Jones as directing city employees to come onto Mr. Karlin's property to "destroy[] all [his] native flower beds." The text of the petition did not mention Mr. Gerber at all. The state court petition also did not mention any religious use of Mr. Karlin's property and did not allege any violation of constitutional or statutory law under 42 U.S.C. § 1983. Rather, the petition asserted claims for acts committed on Mr. Karlin's property on July 20, 2005. On March 25, 2008, the petition in the District Court of Mitchell County was dismissed without prejudice, pursuant to K.S.A. § 60-241.

On July 17, 2008, Mr. Karlin filed the present law suit in federal court, asserting claims under the Religious Land Use and Institutionalized Persons Act, for retaliation for exercise of his First Amendment rights, for deprivation of due process, and for negligence under the Kansas Tort Claims Act.

**SUMMARY JUDGMENT STANDARD**

Summary judgment is appropriate if the moving party demonstrates that there is

"no genuine issue as to any material fact" and that it is "entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c). In applying this standard, the court views the evidence and all reasonable inferences therefrom in the light most favorable to the nonmoving party. *Burke v. Utah Transit Auth. & Local 382*, 462 F.3d 1253, 1258 (10th Cir. 2006). An issue of fact is "genuine" if "the evidence allows a reasonable jury to resolve the issue either way." *Haynes v. Level 3 Communications, LLC*, 456 F.3d 1215, 1219 (10th Cir. 2006). A fact is "material" when "it is essential to the proper disposition of the claim." *Id.*

The moving party bears the initial burden of demonstrating an absence of a genuine issue of material fact and entitlement to judgment as a matter of law. *Thom v. Bristol-Myers Squibb Co.*, 353 F.3d 848, 851 (10th Cir. 2003) (citing *Celotex Corp. v. Catrett*, 477 U.S. 317, 322-23 (1986)). In attempting to meet that standard, a movant that does not bear the ultimate burden of persuasion at trial need not negate the other party's claim; rather, the movant need simply point out to the court a lack of evidence for the other party on an essential element of that party's claim. *Id.* (citing *Celotex*, 477 U.S. at 325).

If the movant carries this initial burden, the nonmovant may not simply rest upon his or her pleadings but must "bring forward specific facts showing a genuine issue for trial as to those dispositive matters for which he or she carries the burden of proof." *Garrison v. Gambro*, Inc., 428 F.3d 933, 935 (10th Cir. 2005). To accomplish this, sufficient evidence pertinent to the material issue "must be identified by reference to an

4

affidavit, a deposition transcript, or a specific exhibit incorporated therein." *Diaz v. Paul J. Kennedy Law Firm*, 289 F.3d 671, 675 (10th Cir. 2002).

Finally, the court notes that summary judgment is not a "disfavored procedural shortcut;" rather, it is an important procedure "designed to secure the just, speedy and inexpensive determination of every action." *Celotex*, 477 U.S. at 327 (quoting Fed. R. Civ. P. 1).

**ANALYSIS**

*Counts II and III*

In counts II and III of his complaint, Mr. Karlin alleges violations of the First and Fourteenth Amendments and brings suit pursuant to 42 U.S.C. § 1983. (Compl. ¶¶ 36, 43-45, doc. 1). While Congress did not expressly provide a statute of limitations for civil rights claims brought under section 1983, the Supreme Court determined that section 1983 claims should be interpreted as actions for injuries to personal rights for statute of limitation purposes. *Wilson v. Garcia*, 471 U.S. 261, 276-79 (1985). The Tenth Circuit has found, under Kansas law, "[a]n action for injury to the rights of another, not arising under contract, and not herein enumerated," must be brought within two years. *Hamilton v. City of Overland Park*, 730 F.2d 613, 614 (10th Cir. 1984) (quoting K.S.A. § 60-513(a)(4)). Therefore, the applicable statute of limitations for section 1983 claims in the state of Kansas is two years.

Plaintiff argues in his response to defendants' motion for partial summary judgment that the Tenth Circuit's holding in *Hamilton* should be re-examined in light of

5

a recent opinion by the Kansas Supreme Court, *Burnett v. Southwestern Bell Telephone*, 283 Kan. 134, 151 P.3d 837 (Kan. 2007). *Burnett* involved a certified question concerning the appropriate limitations period under Kansas law for wrongful discharge claims pursuant to section 510 of the Employee Retirement Security Act. *Id.* at 135, 151 P.3d at 838. The Kansas Supreme Court decided that the appropriate limitations period for such a claim was three years under K.S.A. § 60-512(2) as those claims constitute "an action upon a liability created by a statute." *Id.* at 154, 151 P.3d at 849. In light of the Kansas Supreme Court's discussion in *Burnett*, Mr. Karlin argues that a similar conclusion should be reached regarding section 1983 claims. According to Mr. Karlin, under the reasoning in *Burnett*, a three-year statute of limitations period should apply to section 1983 claims because such claims are statutorily created and such a cause of action also did not exist at common law.

This argument is unpersuasive. The United States Supreme Court has made clear that section 1983 claims should be treated as actions for injuries to personal rights for statute of limitation purposes–not as actions arising from liability created by statute. *See, e.g.*, *Wallace v. Kato*, 127 S. Ct. 1091, 1094 (2007); *Wilson v. Garcia*, 471 U.S. 261, 276-79 (1985). In addition, the Kansas Supreme Court itself has recognized two years as the appropriate statute of limitations period for section 1983 claims. *See, e.g.*, *Whye v. City Council of Topeka*, 278 Kan. 458, 458-59, 102 P.3d 384, 384-85 (Kan. 2004); *Johnson v. Kan. Pub. Employees Ret. Sys.*, 262 Kan. 185, 190, 935 P.2d 1049, 1052 (Kan. 1997). In the face of clear precedent concerning the nature of section 1983 claims

and their appropriate limitations period, plaintiff's argument applying the reasoning of *Burnett* to section 1983 claims is unpersuasive.[2] Under Kansas law, the appropriate limitation period for section 1983 claims is, therefore, two years.

"[F]ederal law governs the question of accrual of federal causes of action, and thus, dictates when the statute of limitations begins to run for the purposes of § 1983." *Smith v. City of Enid*, 149 F.3d 1151, 1154 (10th Cir. 1998). The Tenth Circuit has held that a "civil rights action accrues when the plaintiff knows or has reason to know of the injury which is the basis of the action." *Baker v. Bd. of Regents*, 991 F.2d 628, 632 (10th Cir. 1993). "Since the injury in a § 1983 case is the violation of a constitutional right, such claims accrue when the plaintiff knows or should have known that his or her constitutional rights have been violated. *Smith*, 149 F.3d at 1154. Mr. Karlin admits that his section 1983 claims accrued on July 20, 2005. (Plaintiff's Response to Defendant's Motion for Partial Summary Judgment, at 6, doc. 10). Mr. Karlin filed his current complaint alleging his section 1983 claims on July 17, 2008. Therefore, unless there is an applicable savings or tolling provision to prevent Mr. Karlin's claims from being untimely, his section 1983 claims are barred by the statute of limitations.

"Limitations periods in § 1983 suits are to be determined by reference to the

---

[2] Plaintiff's motion for leave to file a surreply (doc. 17) is also pending before the court. The court denies the motion. Having reviewed the surreply submitted with the motion, the court notes that the arguments contained therein would have no bearing on the disposition of defendants' motion as the issues raised in the surreply have already been considered by the court and because the parties adequately briefed the statute of limitations issue in their previous briefing.

appropriate state statute of limitations and the coordinate tolling rules." *Fogle v. Pierson*, 435 F.3d 1252, 1258 (10th Cir. 2006) (citations and quotation marks omitted). This same reasoning applies to state savings provisions, which are integral to a state's limitations and tolling rules. *Brown v. Hartshorne Pub. Sch. Dist. No. 1*, 926 F.2d 959, 962 (10th Cir. 1991), *abrogation on other grounds recognized by Keeler v. Cereal Food Processors*, 250 Fed. App'x 857, 859 (10th Cir. 2007). The one possibly applicable savings provision in this case is K.S.A. § 60-518, which reads:

> If any action be commenced within due time, and the plaintiff fail in such action otherwise than upon the merits, and the time limited for the same shall have expired, the plaintiff, or, if the plaintiff die, and the cause of action survive, his or her representatives may commence a new action within six (6) months after such failure.

"The statute does not toll the statute of limitations, it merely preserves six months for the plaintiff to refile his action where the statute of limitations has run and the first action was dismissed otherwise than on the merits." *Brown v. Alma, Inc.*, 2007 WL 3046706, at *1 (D. Kan. Oct. 16, 2007).

Defendants argue in their motion for partial summary judgment that K.S.A. § 60-518 is inapplicable because the original action and the subsequent action are not substantially the same. *Taylor v. Int'l Union of Electronic, Electrical, Salaried, Machine, & Furniture Workers, AFL-CIO*, discusses the meaning of substantially the same:

> "The savings statute applies only if the original action and the subsequent action are substantially the same. [Citations omitted.] *Where the parties and the relief sought in the new action are different from those in the original action, the*

8

> *actions are not substantially the same, and the savings statute does not apply.* [Citation omitted.]  In addition, where the relief sought is the same in both actions, but the defendants are different, the actions are not substantially the same for purposes of the saving statute.  [Citation omitted.]"

25 Kan. App. 2d 671, 676, 968 P.2d 685, 689 (Kan. Ct. App. 1998) (quoting *Day v. NLO, Inc.*, 798 F. Supp. 1322, 1328 (S.D. Ohio 1992).  The court then went on to cite cases from other jurisdictions:

> A number of other jurisdictions have adopted the substantially similar doctrine set forth above and in the *Rogers* decision. These include: *Brown v. Hartshorne Public School Dist. No. 1*, 926 F.2d 959, 962 (10th Cir.1991) (saving statute disallows adding new defendants), *Addie v. Mack Trucks, Inc.*, 613 F.Supp. 340, 341 (E.D.Mo.1985) (cannot add new defendants); *Vessichio v. Hollenbeck*, 18 Conn.App. 515, 519-20, 558 A.2d 686 (1989) (cannot add a new defendant); *Heyde v. Xtraman, Inc.*, 199 Ga.App. 303, 305, 404 S.E.2d 607 (1991) (the new case must be substantially similar to parties and causes of action in first case); *Cherokee Ins. Co. v. R/I, Inc.*, 97 N.C.App. 295, 297-98, 388 S.E.2d 239, rev. denied 326 N.C. 594, 393 S.E.2d 875 (1990) (must have same parties and same causes of action); *Rowe v. John Deere*, 130 N.H. 18, 23-24, 533 A.2d 375 (1987) (cannot change defendants); *Turner v. Aldor Co. of Nashville, Inc.*, 827 S.W.2d 318, 321 (Tenn.App.1991) (must have same parties); and *MGTC, Inc. v. Northern Utilities, Inc.*, 733 P.2d 607, 609 (Wyo.1987) (must have substantial identity of parties).

*Id.* at 676-77, 968 P.2d at 689-90.  The *Taylor* court, in discussing its dismissal of the case, explained that the number of defendants being different made the two cases not "substantially similar" despite the first suit sharing a common defendant with the second suit.  *Id.* at 677, 968 P.2d at 690.  It is not enough that the two suits merely share one defendant.  In *Brown v. Alma, Inc.*, the court determined that the Kansas savings statute did not apply where the subsequent case added a defendant and new claims:

> First, this action adds a new defendant, Bradley Young, in contravention of the rule issued in *Taylor*.  Additionally, plaintiff's second action brings additional

9

> claims against all the defendants in this case, in contravention of *Taylor*. Needless to say, plaintiffs [sic] claim cannot rest on the savings statute to survive the statute of limitations.

2007 WL 3046706, at *2 (D. Kan. Oct. 16, 2007).

Mr. Karlin originally filed a pro se petition in the district court of Mitchell County, Kansas on July 16, 2007. On March 25, 2008, Mr. Karlin voluntarily dismissed the state law case without prejudice. Therefore, if K.S.A. § 60-518 is applicable, Mr. Karlin would have six months from March 25, 2008 to file a new case. However, K.S.A. § 60-518 is inapplicable because this case is not substantially similar to the original Mitchell County case. Mr. Karlin has added an entirely new claim under the Religious Land Use and Institutionalized Persons Act, and has added claims of retaliation, First Amendment infringement and due process violations. In the Mitchell County case, the body of the petition makes no mention of any act or conduct by Mr. Gerber. The only place Mr. Gerber is mentioned in the original petition is in the caption. Mr. Jones is not in the caption of the original petition, although he is mentioned in the body of the petition. In this case, Mr. Gerber and Mr. Jones are both being sued in their individual capacities. In addition, in the Mitchell County case the damages were limited to $10,000 because that is the amount Mr. Karlin claimed in his notice of claim form to the City of Beloit on July 22, 2005. In this case, Mr. Karlin asks for $50,000 in actual damages per count and has added new claims for punitive damages in excess of $50,000 per person against Mr. Gerber and Mr. Jones. The Mitchell County case and this case are not "substantially similar" and as a result, K.S.A. § 60-518 does not apply.

10

Therefore, counts II and III are time-barred by the two-year statute of limitations for section 1983 claims.

*Count IV*

In Count IV of his complaint, Mr. Karlin brings a negligence claim under the Kansas Tort Claims Act. Mr. Karlin alleges that "Mr. Gerber and Mr. Jones, as well as other employees of the City of Beloit, acted negligently and wrongfully in enforcing Ordinance No. 1836, and in cutting down and destroying all of the gardens maintained by the plaintiff on his property." (Compl. ¶ 51 doc. 1). In their motion for partial summary judgment, defendants argue that the court lacks jurisdiction over count IV. K.S.A. § 12-105b requires any person with a claim against a municipality arising under the Kansas Tort Claims Act to file a written notice with the clerk of the governing body of the municipality before filing a suit against the municipality. The requirement for a notice of claim is a condition precedent to the filing of a complaint asserting a claim against a municipality. *Meyers v. Bd. of Jackson County Commissioners*, 280 Kan. 869, 876, 127 P.3d 319, 325 (Kan. 2006); *Zeferjohn v. Shawnee County Sheriff's Dept.*, 26 Kan. App. 2d 379, 382, 988 P.2d 263, 266 (Kan. Ct. App. 1999). If the plaintiff fails to meet the requirements of K.S.A. § 12-105b, the court lacks jurisdiction over the claim. *Meyers*, 280 Kan. at 876, 127 P.3d at 325. This requirement applies to claims against the city itself and claims against the city's employees arising out of the course and scope of their employment. *King v. Pimentel*, 20 Kan. App. 2d 579, 589, 890 P.2d 1217, 1225 (Kan. Ct. App. 1995). To comply with the statutory requirements of section 12-105b,

11

plaintiff must attempt to supply the information required by each of the five elements in the statute. Failure to do so renders the notice fatally defective. *Tucking v. Bd. of Jefferson County Comm'rs*, 14 Kan. App. 2d 442, syl. ¶ 3, 796 P.2d 1055 (1990); *see also Zeferjohn*, 26 Kan. App. 2d at 383, 988 P.2d at 267 (discussing how the fact that the amount of damages requested in the lawsuit differed from the amount in the notice renders the notice defective).

While Mr. Karlin did file a notice of claim as required by K.S.A. § 12-105b, the notice of claim he filed contained no hint of his personal injury claim; rather, the notice merely discusses the damage to his property. The current lawsuit has several additional claims that are in no way mentioned in the notice of claim Mr. Karlin filed with the City of Beloit. In addition, the damage claim asserted in the notice was limited to $10,000. The damage claim asserted in the current lawsuit is dramatically different as plaintiff asks for $50,000 per count. In *Zeferjohn v. Shawnee County Sheriff's Dept.*, the Kansas Court of Appeals found that an increase in damages from $15,000 to in excess of $50,000 was fatal non-compliance with the notice statute. 26 Kan. App. 2d at 383, 988 P.2d at 267. Plaintiff concedes in his response to defendants' motion for partial summary judgment that his notice "does not coincide in all particulars with his written notice filed pursuant to K.S.A. § 12-105b." Plaintiff asks for leave to amend his complaint to conform to his notice of claim. However, a motion for leave to amend the complaint would be futile because even an amended count IV would be untimely.

The statute of limitations for Mr. Karlin's negligence claim is also two years. *See*

K.S.A. § 60-513(2). As discussed above, the savings statute, K.S.A. § 60-518, is not applicable because the two cases are not substantially similar. Mr. Karlin argues in his response to defendants' motion for partial summary judgment that the court should ignore the *Taylor* court's interpretation of "substantially similar." Mr. Karlin urges that the Kansas Supreme Court has a narrower interpretation of substantially similar. *See Rogers v. Williams, Larson, Voss, Strobel & Estes*, 245 Kan. 290, 293, 777 P.2d 836, 838 (Kan. 1989) ("To come within the savings statute (K.S.A. 60-518), the same plaintiffs would have to bring both actions and have failed in the first action 'otherwise than upon the merits.'") Plaintiff ignores all the other cases cited by defendants which broaden the meaning of substantially similar. It appears illogical to say that *only* if the plaintiffs are different will the cases be found to be not substantially the same. Therefore, because the two actions are not substantially the same, as discussed above, count IV of Mr. Karlin's complaint is also untimely.

IT IS THEREFORE ORDERED BY THE COURT THAT defendants' motion for partial summary judgment is granted (doc. 8).

IT IS THEREFORE ALSO ORDERED BY THE COURT THAT plaintiff's motion for leave to file a surreply (doc. 17) is denied.

IT IS SO ORDERED.

Dated this 17th day of October, 2008, in Kansas City, Kansas.

                                            s/ John W. Lungstrum
                                            John W. Lungstrum
                                            United States District Judge